IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DAVID J. PALADINO, et al.,**<br><br>   **Plaintiffs,**<br><br> vs.<br><br>**CHUBB CUSTOM INSURANCE COMPANY,**<br><br>   **Defendant.** | **8:19CV530**<br><br>**AMENDED**<br>**CASE PROGRESSION ORDER** |

  This matter comes before the Court on the parties' Joint Stipulated Motion for Extension of Time to Complete Discovery and Modification of Case Progression Order (Filing No. 53). After review of the parties' motion, the Court finds good cause to grant the requested extensions. Accordingly,

  **IT IS ORDERED** that the Joint Stipulated Motion for Extension of Time to Complete Discovery and Modification of Case Progression Order (Filing No. 53) is granted, and the case progression order is amended as follows:

1) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **June 12, 2020**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **June 26, 2020**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court.

2) The status conference scheduled for May 29, 2020 is cancelled. A status conference to discuss case progression and the parties' interest in settlement will be held with the undersigned magistrate judge on **June 26, 2020,** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#)), are:

   | | |
   |---|---|
   | For the plaintiffs: | **August 10, 2020** |
   | For the defendant: | **September 9, 2020** |
   | Rebuttal: | **September 23, 2020** |

4) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiffs: | **September 9, 2020** |
| For the defendant: | **October 9, 2020** |
| Rebuttal: | **October 23, 2020** |

5) The deposition deadline is **November 2, 2020**.

6) The status conference scheduled for September 28, 2020 is cancelled. A status conference to discuss case progression, dispositive motions, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **November 2, 2020,** at **10:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

7) The deadline for filing motions to dismiss and motions for summary judgment is **January 29, 2021**.

8) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **March 1, 2021**.

9) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

10) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 4th day of May, 2020.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.